## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

**DONNIE LEE RILEY**                                                                          **PLAINTIFF**
**ADC #600288**

**v.**                                    **CASE NO. 4:11CV00162 BSM**

**POPE COUNTY**                                                                              **DEFENDANT**

### ORDER

Plaintiff Donald Lee Riley, currently held at the Pope County Detention Center, filed a *pro se* complaint under 42 U.S.C. § 1983, on February 22, 2011, naming Pope County as defendant. [Doc. No. 2].

### I.  SCREENING

A prisoner's complaint against a governmental entity, officer, or employee must be reviewed to identify whether it sets forth cognizable claims. The complaint must be dismissed if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.  Although Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the plaintiff must allege specific facts that establish his right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, a plaintiff cannot rest upon labels, conclusions, or formulaic recitation of the elements of a cause of action. *Id.*  Section 1983 complaints filed by *pro se* prisoners, however, are "liberally construed" and "held to less stringent standards

than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II.  ANALYSIS

According to Riley's complaint, he is listed on the Pope County sex offender website as a sex offender with a charge of rape, although he is not a sex offender, and has never been charged with, or convicted of, such a crime. Riley asserts that this is defamation of his character. Defamation without an attendant deprivation of liberty, however, does not constitute a cause of action under section 1983.  *Clark v. Solem*, 628 F.2d 1120, 1121 (8th Cir. 1980) (internal citations omitted).  Accordingly, while the facts alleged may state a cause of action under state law, they do not under section 1983, and Riley's complaint must therefore be dismissed.

IT IS THEREFORE ORDERED THAT:

1.      Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.      This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      It is certified that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 15th day of April, 2011.

UNITED STATES DISTRICT JUDGE

2